**IT IS ORDERED as set forth below:**

**Date: May 29, 2019**

_____

**Jeffery W. Cavender
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-62952-JWC |
| JOSEPH BRANNON CANTRELL, | CHAPTER 7 |
| Debtor. | |
| DANIEL M. MCDERMOTT, UNITED STATES TRUSTEE, | ADVERSARY PROCEEDING NO. |
| Plaintiff, | 18-5090-JWC |
| v. | |
| JOSEPH BRANNON CANTRELL, | |
| Defendant. | |

1

## **ORDER**

**THIS MATTER** is before the Court on the Supplemental Motion for Default Judgment (the "Motion") filed by Thomas Dworschak on behalf of Daniel M. McDermott, United States Trustee ("Plaintiff") against Joseph Brannon Cantrell ("Debtor" or "Defendant") (Doc. No. 12). The Court finds this matter is a core proceeding pursuant to 28 U.S.C. § 157 and 11 U.S.C. § 727, and the Court has jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a). For the reasons set forth in detail below, the Motion is denied.

### I.    FINDINGS OF FACT

Defendant filed a chapter 7 bankruptcy case on July 26, 2017. On August 7, 2017, Plaintiff informed Defendant's counsel that Defendant's bankruptcy case was selected for audit pursuant to 28 U.S.C. § 586(f)(1). On October 13, 2017, Defendant's counsel sought permission to withdraw as counsel for Debtor (Main Bankruptcy Case, Doc. No. 16), and the Court granted counsel's request by order entered on October 31, 2017 (Main Bankruptcy Case, Doc. No. 17). Debtor proceeded in the case *pro se* thereafter. On September 21, 2017, M. Denise Dotson, the Chapter 7 Trustee appointed by the United States Trustee, issued her Report of No Distribution, indicating no property was available for distribution from the estate over and above that exempted by law. On April 20, 2018, the Court entered an order discharging Debtor and closing the estate. Ten days later, Plaintiff moved to reopen the chapter 7 case, and on May 1, 2018, the Court entered an order reopening Debtor's bankruptcy case (Main Bankruptcy Case, Doc. No. 33).

Plaintiff filed its Complaint to Revoke Debtor's Discharge pursuant to 11 U.S.C. § 727(d)(4)(B) (the "Complaint") (Doc. No. 1) on May 2, 2018, seeking revocation of the discharge this Court entered in Defendant's bankruptcy case for his alleged failure to cooperate with requests

2

of an auditor serving pursuant to 28 U.S.C. § 586(f). On May 3, 2018, Plaintiff filed a certificate of service showing service of the summons and Complaint upon Defendant via first class United States Mail at the address of 518 Pine Lane, Lawrenceville, Georgia 30043, the address of record provided by Defendant at the commencement of his bankruptcy case (Doc. No. 3). On May 26, 2018, Plaintiff received returned mail that contained the service copy of the Complaint and summons marked by the United States Postal Service: "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD."

Defendant did not answer or otherwise respond to the Complaint, and Plaintiff moved for entry of default pursuant to Fed. R. Bankr. P. 7055 (Doc. No. 6). The clerk entered default against Defendant on July 31, 2018, and Plaintiff thereafter moved for entry of a default judgment (Doc. No. 7). Because the record in this case established that Debtor no longer resided at the address where the summons and Complaint were mailed, the Court scheduled a hearing for October 25, 2018 and requested information from Plaintiff as to what steps Plaintiff took to locate a current address for Debtor. As the Court explained in its Order and Notice of Hearing (Doc. No. 8):

> The return of the summons and the Complaint was not the first indication that Defendant no longer lived at the address Plaintiff served. First, on December 28, 2017, the Court granted Defendant's landlord relief from the automatic stay, authorizing the landlord to exercise its right to dispossess Defendant from the property as a result of Defendant's default under the lease (Main Case, Doc. No. 24). Though not dispositive that Defendant no longer lived at the address on record, such relief indicates a substantial likelihood that Defendant would be evicted from the premises. Second, Plaintiff reveals in the Complaint that on March 18, 2018 and again on April 16, 2018, one and two months before initiating this case, respectively, the United States Trustee sent registered letters to Defendant to the same address asking for certain records, but that both of the letters "were returned to the United States Trustee as undeliverable and unforwardable." Compl. ¶¶ 18 & 19.

At the October 25th hearing, counsel for the United States Trustee appeared and informed the Court that he had undertaken additional efforts to serve Defendant. Pursuant to Plaintiff's

3

Amended Certificate of Service filed on October 24, 2018 (the "Amended Certificate") (Doc. No. 11), Plaintiff attempted service of the summons and Complaint on Defendant by first class, United States Certified Mail at both 1271 Old Peachtree Road, NE, Lawrenceville, GA 30043-2620 and 39 Gladdis Drive, Fort Oglethorpe, GA 30742. Plaintiff indicated that these addresses were obtained via a LexisNexis Advance search and are reported as Debtor's residency addresses from December 2017 through the date Plaintiff filed the Amended Certificate. Plaintiff's attempts at serving Defendant at the additional addresses obtained through LexisNexis were returned to Plaintiff unopened marked "RETURN TO SENDER – UNCLAIMED – UNABLE TO FORWARD."

Plaintiff thereafter renewed his request for entry of default judgment in the Motion asserting that Defendant has an obligation under the Bankruptcy Code to file a statement of any change of address and that mailing notice by first class mail to a party's last known address is sufficient to satisfy due process. Because the Court concludes that the service attempts in this case failed to satisfy the requirements of the Federal Rules of Bankruptcy Procedure, and that Defendant has not been afforded sufficient due process, the Motion must be denied.

## II.    CONCLUSIONS OF LAW

"An essential element of justice is notice of suit and opportunity to be heard." *In re Constant*, No. 05-08226, 2007 WL 627418, at *2 (Bankr. S.D. Iowa Feb. 23, 2007) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 318 (1950)). Notice must be "reasonably calculated to reach interested parties." *Id.* "A judgment or order obtained without effective service of process which allows the Court to exercise personal jurisdiction over a debtor is void from its inception…." *In re Weems*, 359 B.R. 919, 923 (Bankr. N.D. Ind. 2007) (citing *Mid–Continent Wood Products, Inc. v. Harris*, 936 F.2d 297 (7th Cir. 1991)). With these fundamental principles

4

in mind, the Court must analyze whether the service of process attempted in this case was sufficient to provide Defendant with notice of the suit and opportunity to be heard.

### A. Rule 7004 Methods of Service

The Bankruptcy Rules provide a party commencing an adversary proceeding a number of options for effectuating service of process on an individual consistent with the dictates of due process. For instance, a plaintiff may serve a defendant by following the rules for personal service under the Federal Rules of Civil Procedure or the state law rules for serving a summons in an action brought in courts of general jurisdiction. *See* Fed. R. Bankr. P. 7004(a)(1). The Bankruptcy Rules also provide much simpler and abbreviated procedures by permitting service of process by mail, provided that a copy of the summons and complaint are mailed to the "individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession." Fed. R. Bankr. P. 7004(b)(1).

For a debtor in bankruptcy, the rules also provide that "after a petition has been filed by or served upon the debtor and ***until the case is dismissed or closed***," a debtor may be served "by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing." Fed. R. Bankr. P. 7004(b)(9) (emphasis added). Generally, where notice is sent to the address listed by the debtor in his or her bankruptcy petition, due process is satisfied. *Constant*, 2007 WL 627418, at *2 (citing *In re Villarreal*, 304 B.R. 882, 886 (B.A.P. 8th Cir. 2004)). At all times during the pendency of the case, a debtor bears the responsibility of maintaining a current mailing address with the Court. Fed. R. Bankr. P. 4002(a)(5). Given this requirement, and because Rule 7004(b)(9) does not require proof of actual receipt, *In re Vincze*, 230 F.3d 297, 299 (7th Cir. 2000), a number of courts have held that service is effective on a debtor even if mailed to the wrong address, if the address to which it is

5

mailed is the last listed by the debtor in a filed writing. *See Coggin v. Coggin (In re Coggin)*, 30 F.3d 1443, 1450 (11th Cir. 1994), abrogated on other grounds by *Kontrick v. Ryan*, 540 U.S. 443, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004); *see also Attorneys' Title Ins. Fund, Inc. v. Zecevic (In re Zecevic)*, 344 B.R. 572, 576 (Bankr. N.D. Ill. 2006); *Katz v. Araujo (In re Araujo)*, 292 B.R. 19, 23 (Bankr. D. Conn. 2003).

A debtor's duty to provide the Court with updated address information, however, does not extend beyond the closing of the case. *See In re Martinez*, 232 B.R. 458, 461 (Bankr. C.D. Cal. 1999) (finding that debtor no longer had duty to inform court of her address after discharge entered and case closed); *see also Constant*, 2007 WL 627418, at *2 (finding a debtor's "duty to keep the court informed of their address[] ends after discharge is entered and the case is closed"). As the plain language of Rule 7004(b)(9) makes clear, a party's ability to serve a debtor pursuant to that rule ends with the dismissal or closing of the case.

### B. No Evidence of Compliant 7004 Service

The record in this case does not support a finding that Defendant was served in compliance with any of the alternatives provided under Rule 7004. No attempt was made to serve Defendant in accordance with the Federal Rules of Civil Procedure or state law rules for service of a summons and complaint in accordance with Rule 7004(a)(1). Nor was Defendant served at his dwelling house, usual place of abode, or to a place where Defendant regularly conducts a business or profession consistent with the requirements of Rule 7004(b)(1). While the record indicates Plaintiff attempted service at Defendant's home address at the time he commenced his case, the record also contains substantial evidence that Defendant no longer resided at that address at the time of the attempted service. Moreover, while Plaintiff obtained additional potential addresses for Defendant through Lexis-Nexis searches, the record is insufficient to establish that either address was

6

Defendant's dwelling house, usual place of abode or where Defendant regularly conducted a business or profession at the time service was attempted. As a number of courts have held when evaluating service under Rule 7004(b)(1), "[m]ailing to a respondent's 'last known address' is not sufficient to effect service under this rule if the respondent is not living at that address at the time service is attempted." *In re Barry*, 330 B.R. 28, 33 (Bankr. D. Mass. 2005). *See also DuVoisin v. Arrington (In re S. Indus. Banking Corp.)*, 205 B.R. 525, 533 (E.D. Tenn. 1996), *aff'd,* 112 F.3d 248 (6th Cir. 1997) (finding Rule 7004(b)(1) refers to defendant's "dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession" rather than to his or her last known address); *In re Smith*, No. 04-01581, 2006 WL 1234965 (Bankr. D.D.C. Feb. 27, 2006); *In re Clark*, No. 04-06745, 2007 WL 627451 (Bankr. S.D. Iowa Feb. 23, 2007).

While the record contains evidence that Plaintiff attempted service upon Defendant at the address listed in the petition commencing his bankruptcy case, the record also confirms that such service was first attempted after the case was closed and reopened, making service under Rule 7004(b)(9) unavailable. While Plaintiff moved to reopen the case almost immediately after it was closed, the case was in fact closed. The Court does not read Rule 7004(b)(9) to authorize service on the address listed in the petition in that scenario, particularly when the record is clear that Defendant no longer resides at that address.[1]

---

[1] The Court is not unsympathetic to the difficulties Plaintiff encounters when attempting service of process for a lawsuit seeking revocation of a discharge. Chapter 7 cases often close when debtors receive their discharge if all other requirements for discharge have been met. A revocation of a discharge pursuant to 11 U.S.C. § 727(d)(4) requires that there first be a discharge to revoke. Debtor's case was closed at the same time he received his discharge, leaving Plaintiff no time to serve him pursuant to Bankruptcy Rule 7004(b)(9). While one can certainly argue that this result rewards a debtor who failed to property update his address with the Court prior to the closing of his case, such result is dictated by the clear and unambiguous language of Bankruptcy Rule 7004(b)(9), which makes service pursuant to its provisions only applicable prior to dismissal or closing of a case. Any such "reward" should be short-lived if service of process is effectuated through other means authorized by the Bankruptcy Rules.

Where service of process is insufficient, the court has no power to render judgment. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) (citing *Mullane*, 339 U.S. at 314; *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir.1982)). Having considered the entire record of this adversary proceeding and the underlying bankruptcy case, the Court cannot conclude that Defendant was provided with notice of, or an opportunity to be heard in response to, the claim raised in the Complaint. Plaintiff is not without a remedy, however, as service may still be effectuated in accordance with Rule 7004(a)(1) or (b)(1). Therefore, having read and considered the Motion,

**IT IS ORDERED** that the Motion be and is hereby **DENIED.**

The Clerk's Office is directed to serve a copy of this Order upon Plaintiff, Plaintiff's counsel, Defendant, the Chapter 7 Trustee, and the United States Trustee.

**END OF DOCUMENT**